# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CITY OF NEW CASTLE; CITY OF ALIQUIPPA; and UNION TOWNSHIP, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 18-1472 |
| PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; and ALLERGAN PLC, | |
| Defendants. | |

## **MEMORANDUM**

**ROBERT F. KELLY, SR. J.**                                                                                                       **JULY 16, 2018**

  Presently before the Court is the Motion to Remand filed by Plaintiffs, the City of New Castle ("New Castle"), City of Aliquippa, and Union Township (collectively, "Plaintiffs"). Defendants, Teva Pharmaceuticals USA, Inc. ("Teva") and Cephalon, Inc. ("Cephalon") (collectively, "Teva Defendants") filed a Response in Opposition to Plaintiffs' Motion to Remand, which included the argument that the Court should stay this action pending the transfer of the action to the federal multidistrict litigation ("MDL") entitled <u>In re Nat'l Prescription Opiate Litig.</u>, MDL No. 2804 ("Opiate MDL"). Plaintiffs filed a Reply opposing Teva Defendants' request for a stay and asserting that the action should be remanded. For the reasons noted below, we will stay this action and deny Plaintiffs' Motion to Remand without prejudice.

## I. BACKGROUND

On March 16, 2018, Plaintiffs filed a Class Action Complaint against Defendants, Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Teva; Cephalon; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; and Allergan PLC (collectively, "Defendants") in the Court of Common Pleas of Philadelphia County, Pennsylvania.[1]

In the Class Action Complaint, Plaintiffs purport to assert claims on behalf of themselves and as a class action on behalf of "[a]ll political subdivisions, municipalities, cities, townships and counties in the Commonwealth of Pennsylvania who incurred damages as a result [of] Defendants' marketing of prescription opioids." (Compl. ¶ 67.) The Complaint asserts the following three causes of action against all Defendants: (1) consumer fraud-deceptive practices, 73 Pa. Cons, Stat. §§ 201-1–201-9.3 et seq.; (2) public nuisance; and (3) unjust enrichment. (Id. ¶¶ 79-99.)

On April 9, 2018, Teva Defendants timely removed this action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2] (Doc. No. 1.) On April 16, 2018, the Judicial Panel on Multidistrict Litigation ("JPML" or "Opiate MDL Panel") conditionally transferred this action to the Opiate MDL.[3] (Defs.' Opp'n Pls.' Mot. for Remand at 2) (citing In

---

[1] On February 13, 2018, New Castle filed a substantially similar lawsuit against the same Defendants named in this action, which was removed to this Court. See City of New Castle v. Purdue Pharma L.P. et al., No. 2:18-cv-952. After that action was removed, New Castle voluntarily dismissed it and filed this action in state court.

[2] "The Class Action Fairness Act . . . confers jurisdiction on federal courts over certain class actions in which any defendant and any class member are citizens of different states." Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(d)(2)). "CAFA further enables any defendant to remove a qualifying class action to federal court." Id. (citation omitted).

[3] In re Nat'l Prescription Opiate Litigation, the JPML explained the Opiate MDL as follows:

2

re Nat'l Prescription Opiate Litig., MDL No. 2804, Doc. 1202 (Apr. 16, 2018 CTO-24)). On April 17, 2018, Plaintiffs filed a notice of opposition to transfer. (Id.) (citing In re Nat'l Prescription Opiate Litig., MDL No. 2804, Doc. 1229 (Apr. 17, 2018 Not. of Opp'n)).

On May 1, 2018, Plaintiffs moved to remand this action to state court arguing that CAFA's Local Controversy Exception applies.[4] (See Pls.' Mot. to Remand.) On May 2, 2018, Plaintiffs moved to vacate the JMPL's conditional transfer order. (Defs.' Opp'n Pls.' Mot. for Remand at 3) (citing See In re Nat'l Prescription Opiate Litig., MDL No. 2804, Doc. No. 1336 (May 2, 2018 Mot. to Vacate)). Responses to Plaintiffs' motion to vacate were due May 23, 2018, with a final decision from the JPML on transfer expected shortly thereafter. (Id.) (citation omitted). On May 15, 2018, Teva Defendants filed their opposition to Plaintiffs' Motion to Remand in which they argued, *inter alia*, that the Court should stay this action pending its transfer to the Opiate MDL. (See id.) On May 22, 2018, Plaintiffs filed their Reply asserting that the action should not be stayed, but should be remanded to the Philadelphia Court of Common Pleas of Philadelphia County. (See Pls.' Reply.)

---

> Plaintiffs in the actions before us are cities, counties and states that allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates. All actions involve common factual questions about, inter alia, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs.

290 F. Supp. 3d 1375, 1378 (U.S. Jud. Pan. Mult. Lit. 2017). The existing conditional transfer order does not limit this Court's jurisdiction to rule on pending motions. See R. Proc. J.P.M.L. 2.1(d).

[4]"Under CAFA's 'local controversy' exception . . . a federal court must decline jurisdiction if certain conditions are met, including that a super-majority of the members of the putative class and at least one significant defendant are from the state in which the class action was originally filed." Kaufman, 561 F.3d at 148 (citation omitted). Plaintiffs argue that "[b]ecause the class action represents only governmental entities located in Pennsylvania and Defendants, Teva, Cephalon and Endo Health Solutions, Inc.'s . . . principle [sic] place of business is in Pennsylvania, this action should be remanded back to the Philadelphia County Court of Common Pleas pursuant to the Class Action Fairness Act's (CAFA) Local Controversy Exception." (Pls.' Br. Supp. Mot. to Remand at 2) (citation omitted).

3

## II.     LEGAL STANDARD

A party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." United States v. Breyer, 41 F.3d 884, 893 (3d. 1994) (stating that "[a] stay is an extraordinary measure" requiring "compelling reasons for its issuance"). "The decision to stay proceedings pending an MDL transfer is within the Court's 'broad powers to stay proceedings.'" Davis v. DePuy Orthopaedics, Inc., No. 11-5139, 2011 WL 5237563, at *1 (D.N.J. Nov. 2, 2011) (quoting Bechtel Corp. v. Local 215 Laborer's Int'l Union of N.A., 544 F.2d 1207, 1215 (3d Cir. 1976)); see also Robinson v. DePuy Orthopaedics, Inc., No. 3:12-03, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) ("In fact, the court observes that the general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [MDL Panel] has transferred the case.") (citation omitted).

In order to decide a motion to stay proceedings pending the resolution of another action in federal court, courts have considered the following three factors: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." Cirulli v. Bausch & Lomb, Inc., No. 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (quoting Ciolli v. Iravani, No. 08-2601, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's discretion to issue a stay]." Nken v. Holder, 556 U.S. 418, 433-34 (2009).

4

## III. DISCUSSION

Teva Defendants seek entry of a stay of this case in light of the conditional transfer order issued by the Opiate MDL Panel to help ensure uniform treatment of related issues, avoid piecemeal litigation, and conserve judicial resources. They argue that entering a stay "will allow the MDL court to resolve Plaintiffs' remand motion along with several other remand motions in actions likewise removed under CAFA" and "[t]he MDL court has stated that it will address remand motions in the coordinated proceeding."[5] (Defs.' Opp'n Pls.' Mot. for Remand at 2.) Plaintiffs argue that a stay is "entirely inappropriate as Plaintiff's [sic] Motion to Remand involves the only class action brought by the municipalities of Pennsylvania against Pennsylvania Defendants in the Opiate Litigation which makes it uniquely different than any other potential remand motion before the MDL." (Pls.' Reply at 1.) They also assert that "[a] delay in the proceedings would require the Plaintiffs to expend additional time and effort to proceed with this action resulting in substantial, unnecessary and undue prejudice." (Id. at 4.) In weighing the competing interests presented here, we conclude that a stay is warranted in the instant matter because this action and the Opiate MDL involve common issues of fact, judicial economy would be promoted by a stay, the balance of potential harm to the parties weighs in favor of Teva Defendants, and the seemingly short duration of the requested stay would not substantially prejudice Plaintiffs.

---

[5]Teva Defendants argue that "[a]llowing the MDL court to resolve these remand motions - which it has stated it intends to do in a coordinated manner - will promote judicial economy and ensure uniform treatment of related issues." (Defs.' Opp'n Pls.' Mot. for Remand at 5.) It goes on to state that:

> Indeed, dozens of opioid-related actions have been removed to federal court and transferred to the MDL prior to resolution of any remand motion. At least five of these actions were removed under CAFA. Three were transferred to the MDL with a remand motion pending, and two were transferred prior to any remand motion being filed (without prejudice to plaintiffs moving for remand in the MDL court). Notably, two of the remand motions now pending in the MDL argue that remand is required under the local controversy exception.

(Id. at 5 n.2-4) (citing cases).

First, we find that entering the stay is likely to promote judicial efficiency and consistency in decision making, especially since Plaintiffs' Motion to Remand raises issues likely to arise in other cases pending in the Opiate MDL transferee court. In fact, as pointed out by Teva Defendants, two remand motions in other actions now pending in the Opiate MDL argue the specific question of whether remand is required under CAFA's Local Controversy Exception. See Penn. ex rel. Kane v. McGraw-Hill Cos., Inc., No. 13-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); Yearwood v. Johnson & Johnson, Inc., No. 12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012) ("Granting a stay to permit the MDL court to rule on the remand motion is especially appropriate where the remand motion raises issues likely to arise in other actions pending in the MDL transferee court."); Davis, 2011 WL 5237563, at *2 (staying the action pending a transfer decision by the JPML and deferring ruling on a remand motion for judicial economy and consistency reasons).

Second, regarding the balance of harm to the parties, the possibility of a slight delay in the action suffered by Plaintiffs is outweighed by the possible prejudice that Teva Defendants will suffer of potentially inconsistent rulings by individual federal courts and duplicative litigation. In light of the conditional transfer of this case to the Opiate MDL, it appears that a decision regarding the transfer will be made soon. If the Opiate MDL Panel decides to transfer this case to the Opiate MDL, Plaintiffs will have the opportunity to argue remand and the transferee court will decide it together with similar remand motions. However, if the Opiate MDL Panel decides against transfer, this Court will address the remand issue, which will cause little delay to Plaintiffs. Although there is a possibility that any delay will prejudice Plaintiffs,

we do not find any delay that might result from a stay would be overly prejudicial.[6] See Cirulli, 2009 WL 545572, at *3 ("The loss of some time and effort is an initial inevitability when multidistrict litigation is commenced. Once the actions are centralized, however, the plaintiffs will be able to benefit from the large-scale coordination on their end as well as the defendant's.").

Finding that there is, at least, a possibility that further delay of this litigation may harm Plaintiffs, we must balance such harm against the hardship or inequity to Teva Defendants of potentially defending duplicative lawsuits with the risk of inconsistent outcomes. We conclude that such harm is overtly prejudicial. See id. ("I find that the factors of judicial economy and prejudice to the parties clearly outweigh the uncertainty of the pending duration."); see also Yearwood, 2012 WL 2520865, at *4 (stating "the possibility of a slight delay for the Plaintiffs is far outweighed by the possible prejudice faced by the Defendants if this case is not stayed . . . If this Court denies the stay, it would potentially subject Defendant[s] to the significant burden of duplicative litigation.") (internal quotation omitted). Also, denying a stay could result in both parties engaging in duplicative litigation possibly defeating the interests of judicial economy and efficiency.

Third, it appears that the duration of the requested stay is unknown, but it will most likely be short since the JPML is set to make a transfer determination in the near future. See Kane, 2013 WL 1397434, at *5 ("The JPML is typically prompt in determining whether to transfer a matter.") (citing David F. Herr, Multidistrict Litigation Manual § 4:27 (2012 ed.) ("In most cases, the [JPML] decides the matter before it within a short period after arguments are held or

---

[6]We also note that this lawsuit has only just commenced. Defendants have not responded to the Complaint and discovery has not started.

after the briefing is completed if the parties waive oral argument.")). Consequently, Plaintiffs will suffer little prejudice, if any, from a stay. See Bloom v. Gen. Motors LLC., No. 14-1903, 2015 WL 140037, at *2 (M.D. Pa. Jan. 12, 2015) ("[B]ecause the stay will not last for an extended period, Bloom will suffer little, if any, prejudice from a stay.").

## IV. CONCLUSION

For the reasons explained above, the three above factors support a stay of this matter. Accordingly, we will grant Teva Defendants' request for a stay. We will defer adjudicating Plaintiffs' Motion to Remand on the merits by denying it without prejudice.

An appropriate Order follows.